**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| LAURENT G. PICARD AND SUSAN K. PICARD )<br>)<br>)<br>PLAINTIFFS, )<br>)<br>VS. )<br>)<br>USAA GENERAL INDEMNITY COMPANY )<br>a corporation, )<br>)<br>DEFENDANT. )<br>_____/ | CASE NO. |

**COMPLAINT**

COMES NOW the Plaintiffs, LAURENT G. PICARD AND SUSAN K. PICARD, by and through their undersigned attorney and for the relief hereinafter requested, allege as follows:

**JURISDICTION**

1. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiffs, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

## VENUE

2.      The property made the basis of this action is located at 147 Elsie Dr., Putnam County, East Palatka, Florida 32131 (hereinafter referred to as the "insured property"). The insured property is situated in the Middle District of Florida, Jacksonville Division and venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## PARTIES

3.      The Plaintiffs, LAURENT G. PICARD AND SUSAN K. PICARD, are husband and wife who were and still are the owners of the insured property and have been at all times material to the allegations set forth in the Complaint.

4.      The Defendant, USAA GENERAL INDEMNITY COMPANY (hereinafter referred to as USAA) is a private insurance company qualified to do business in the state of Florida and participates in FEMA's "Write Your Own" (WYO) program. USAA issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiffs.  Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), USAA is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy.

## FACTUAL ALLEGATIONS
## BREACH OF CONTRACT

5.      On March 30, 2017, USAA issued an SFIP to the Plaintiffs, namely, Policy No. 103043690F, for a one (1) year period, whereby USAA agreed to pay the Plaintiffs for any direct physical loss to the insured property caused by or from a "flood" as defined by the policy.  In lieu of attaching the policy hereto, the Plaintiffs incorporate by reference, as a part hereof, the terms

and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by USAA to the Plaintiffs during the above-referenced time period.

6. The SFIP issued to the Plaintiffs covered flood damage to the Plaintiffs' dwelling and other structures as described under Coverage A up to a limit of $241,000; debris removal and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local flood plain management laws or ordinances as described under Coverage D ( also known as Increased Cost of Compliance or I.C.C.) up to a limit of  $30,000. There was no contents coverage.

7. On or about September 11, 2017, the storm surge, tidal water and rain associated with Hurricane Irma directly caused the inundation of the Plaintiffs' land and the surrounding area.  As a direct and proximate result of the flooding, the Plaintiffs suffered a direct physical loss to their dwelling and incurred expenses for debris removal and safe storage of their property.

8. The Plaintiffs timely notified the Defendant of their loss and the claim  was inspected and adjusted by or on behalf of the Defendant by an "independent" adjuster. As a result, the Defendant denied that the property had sustained any direct physical loss caused by flood and no payment was made under the policy.

9. The Plaintiffs disagreed with the denial of their claim and allege that they have not been fully compensated for the direct physical losses sustained as a result of the flood.. On September 9, 2018, as required by SFIP, Art.VII.J.4., Plaintiffs submitted a request for payment evidenced by a Proof of Loss and a detailed, room by room, line item repair estimate reflecting the cost to repair all of the flood damaged items covered by the SFIP with materials of like kind and quality for like use.

10. The above described SFIP was in full force and effect at the time of the Plaintiffs'

loss and they have performed all conditions precedent entitling them to the coverages, payments, and benefits afforded by said policy.

11. The Defendant has failed or refused to pay the amount due under the policy and has otherwise failed or refused to comply with the terms and provisions of the policy. As a result thereof, the Defendant has breached the contract of insurance herein described.

12. As a direct and proximate consequence of the Defendant's breach of said contract, the Plaintiffs have not been fully paid or compensated for damage to their building and will incur attorney fees and costs to collect the amount due under their policy..

WHEREFORE, Plaintiffs demand judgment against the Defendant for an amount up to and including the coverage limits under Coverage A of their SFIP; any and all other amounts payable under said policy; attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Judgment Act (EAJA), 28 U.S.C. § 2412; and, any and all other appropriate relief to which the Plaintiffs may be entitled.

Respectfully submitted,

/s/ SAMUEL W. BEARMAN

Samuel W. Bearman
Samuel W. Bearman, L.C.
Florida State Bar No. 216127
820 North 12th Avenue
Pensacola, FL.  32501
Tel: (850) 438-1000
Fax: (850) 438-1022
e-mail: sbearman@bearmanlaw.com

ATTORNEY FOR PLAINTIFFS